BRIAN A. DUUS, ESQ. (SBN 263403)
AMBER L. SMITH, ESQ. (SBN 281002)
**LEONE ALBERTS & DUUS**
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone: (925) 974-8600
Facsimile: (925) 974-8601
Emails: bduus@leonealberts.com
asmith@leonealberts.com

Attorneys for Defendant
SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONICA SHAW, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, a public entity; KATHLEEN MARTINS, an individual; KATIE WITT, an individual; ELIZABETH LEMMON, an individual; ANNABEL HURLBURT, an individual; RAFAEL PORTER, an individual; and DOES 1 through 20, inclusive.<br><br>Defendants. | **Case No.: 3:26-cv-10137**<br><br>**DECLARATION OF AMBER L. SMITH IN SUPPORT OF DEFENDANT SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |

I, AMBER L. SMITH, declare as follows:

1. I am an attorney at law licensed to practice before this Court. I am an attorney with the law firm of Leone Alberts & Duus, attorneys of record for Defendant San Ramon Valley Unified School District (the "District"). I am familiar with the facts, pleadings, and records in this action, and if called upon to testify I would competently testify to the following.

2. On or about July 30, 2026, Plaintiff ADONICA SHAW ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Contra Costa, Case No. C26-02518 ("State Court Action"). A copy of the Complaint is attached hereto as Exhibit A.

3. On or about August 11, 2026, the District was served with the Complaint by the sheriff. The State Court docket does not evidence that Plaintiff has filed a Proof of Service of Summons as required by California Code of Civil Procedure section 417.30.

4. The District has not yet appeared in the State Court Action.

5. The removal is occurring within 30 days of the date of service of the Complaint on the District and is timely.

6. This litigation is a civil action of which this Court has original jurisdiction under title 28, United States Code sections 1331; and is one which may be removed to this Court by Defendants pursuant to the provisions of title, 28 United States Code, section 1441, subdivision (a). Such removal is proper given the First Amended Complaint seeks relief under title 42, United States Code section 1983, *et seq*. for alleged violations of Due Process and Equal Protection as well as alleged violations of Constitutional Parental Rights. Plaintiff also seeks relief under the Family Education Rights and Privacy Act (FERPA) title 22, United States Code section 1232(g). Plaintiff's prayer for relief requests declaratory relief under ethe United States Constitution and attorney's fees under title 42, United States Code section 1988.

7. The Complaint also alleges state law claims arising out of the same case or controversy that may be heard by this Court under a grant of supplemental jurisdiction pursuant to title 28, United States Court, section 1367, subdivision (a).

///

///

8. Attached to this declaration as Exhibit B are copies of the documents in the Contra Costa Superior Court Action, including a table identifying those documents. Any other documents filed in the State Court Action will be promptly filed with this Court as soon as they become available to Defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 9, 2026, at Concord, California.

AMBER L. SMITH, ESQ.

# EXHIBIT A

FILED
JUL 3 0 2026
S. LINN, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By M. Acosta
Deputy Clerk

ADONICA SHAW
3236 CLAYTON ROAD
CONCORD CA 94519

ADONICA SHAW, IN PRO PER

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

ADONICA SHAW, on behalf of herself and all others similarly situated,

Plaintiff(s),

vs.

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, a public entity; KATHLEEN MARTINS, an individual; KATIE WITT, an individual; ELIZABETH LEMMON, an individual; ANNABEL HURLBURT, an individual; RAFAEL PORTER, an individual; and DOES 1 through 20, inclusive,

Defendant(s).

Case No.: C26-02518

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. NEGLIGENCE
2. NEGLIGENT SUPERVISION, TRAINING, AND RETENTION
3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
4. DEFAMATION (LIBEL AND SLANDER)
5. INVASION OF PRIVACY (PUBLIC DISCLOSURE OF PRIVATE FACTS)
6. FAILURE TO DISCHARGE A MANDATORY DUTY (GOV. CODE § 815.6)
7. VIOLATION OF DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. § 1983)
8. VIOLATION OF CONSTITUTIONAL PARENTAL RIGHTS (42 U.S.C. § 1983)
9. CIVIL CONSPIRACY
10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
11. INVASION OF PRIVACY (FALSE LIGHT)

DEMAND FOR JURY TRIAL

PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 16, FOR ALL PURPOSES.

# INTRODUCTION

1. This action arises from a systematic, malicious, and unlawful campaign by employees, volunteers, and agents of the San Ramon Valley Unified School District ("SRVUSD" or "the District"), in concert with Plaintiff's ex-husband, to strip Plaintiff of her fundamental parental rights, defame her character, and inflict severe emotional distress.

2. Plaintiff, a single parent and domestic violence survivor, enrolled her minor children in the District in 2019 under the protection of a Temporary Restraining Order ("TRO") against their father for sexual assault. Despite having this critical background information on file, SRVUSD administrators at Montevideo Elementary School and the District office chose to systemically exclude Plaintiff from her children's educational lives. They denied her access to records, concealed vital information about her children's safety and academic progress, and actively collaborated with her ex-husband to create a false narrative that she was a neglectful, unfit, and "non-compliant" parent.

3. When Plaintiff lawfully protested this exclusion and filed formal complaints, the District weaponized its own procedures against her. Administrators conducted sham investigations, interviewed only their own subordinates, relied on unverified rumor and gossip instead of official court orders, and ultimately accused Plaintiff of being "out of compliance" for asserting her legal rights.

4. The District's conduct culminated in a flagrant violation of federal privacy laws when an administrator intentionally disclosed Plaintiff's private, confidential complaint investigation to her ex-husband, arming him with ammunition for a retaliatory legal campaign. This campaign, fueled by the District's false record-keeping and defamatory statements, directly resulted in Plaintiff losing custody of her children, causing catastrophic and irreparable harm.

5. The District's actions were not merely negligent; they were a deliberate and calculated abuse of power, born from a culture of insularity where entrenched local employees protected one of their own, Plaintiff's ex-husband, at the expense of a domestic violence survivor and her children. Plaintiff seeks damages, injunctive relief, and a declaration that Defendants' actions violated her rights under state and federal law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to the California Constitution, Article VI, § 10, because this is a civil case in which the amount in controversy exceeds the jurisdictional minimum of this Court.

7. Venue is proper in the County of Contra Costa under California Code of Civil Procedure § 395(a) because Defendant SRVUSD is located in this county, the individual government employee Defendants reside and/or are employed in this county, and the wrongful acts and omissions giving rise to this Complaint occurred in this county.

8. This action is not subject to any agreement for arbitration.

## THE PARTIES

9. Plaintiff ADONICA SHAW is, and at all times mentioned herein was, an individual residing in the County of Contra Costa, State of California. Plaintiff is the mother of the minor children Natalia P., Preston P., and Aiden P. (collectively, "the Children"). She is considered a public figure, an author, maternal healthcare provider in the Tri-Valley area, a former California weatherwoman, and the founder of a Silicon Valley/ Tri Valley venture-backed women's healthcare startup that was founded in 2021 based on her pregnancy and postpartum experience with Aiden P.

10. Defendant SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT ("SRVUSD") is, and at all times mentioned herein was, a public entity organized and existing under the laws of the State of California, operating public schools within Contra Costa County, including Montevideo Elementary School, Iron Horse Middle School, Pine Valley Middle School, and California High School. 10.1. Defendant KATHLEEN MARTINS ("Martins") is, and at all times mentioned herein was, an individual and the Principal of Montevideo Elementary School, an employee and/or agent of SRVUSD, acting within the course and scope of her employment. 10.2. Defendant KATIE WITT ("Witt") is, and at all times mentioned herein was, an individual and the former Principal of Montevideo Elementary School, an employee and/or agent of SRVUSD, acting within the course and scope of her employment. 10.3. Defendant ELIZABETH LEMMON ("Lemmon") is, and at all times mentioned herein was, an individual and a teacher at Montevideo Elementary School, an employee and/or agent of SRVUSD, acting within the course and scope of her employment. 10.4. Defendant ANNABEL HURLBURT ("Hurlburt") is, and at all times mentioned herein was, an individual and the Director of Instruction and an investigator for SRVUSD, an employee and/or agent of SRVUSD, acting within the course and scope of her employment. 10.5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and proximately caused the injuries and damages to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. 10.6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 4 are employees of SRVUSD in the Interdistrict Transfers department.

Plaintiff is informed and believes and thereon alleges that Defendants DOES 5 through 10 are parents of Montevideo Elementary students, including participants in the "Be a Mentor" program and members of the parent WhatsApp group, who acted in concert with the named Defendants to harass, mock, and defame Plaintiff. Plaintiff is informed and believes and thereon alleges that DOES 11 through 15 are volunteers, administrative staff, or agents of Montevideo Elementary School. Plaintiff is informed and believes and thereon alleges that DOES 16 through 20 are other administrators and employees of SRVUSD. 10.7. Plaintiff is informed and believes and thereon alleges that Defendants Martins, Witt, Lemmon, and Hurlburt are lifelong residents of the Tri-Valley area, which includes San Ramon, Danville, and surrounding communities. Their deep-rooted connections to the local community, which predate and exist outside of their professional roles with SRVUSD, created a conflict of interest and an insular culture. They exploited their dual roles as school employees and community members to weaponize local social networks against Plaintiff, an outsider domestic violence survivor, in order to protect their own and their community allies, including Defendant Porter.

11. Defendant RAFAEL PORTER ("Porter") is, and at all times mentioned herein was, an individual residing in the State of California and is the Plaintiff's ex-husband and the father of the Children. Porter is not an employee, agent, or servant of SRVUSD. He is sued individually for his own tortious conduct and as a co-conspirator with the other Defendants.

12. At all times herein mentioned, each of the Defendants was the agent, servant, and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency, service and/or employment, except for Defendant Porter and Defendants DOES 5-10, who acted individually and as co-conspirators.

13. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the acts and omissions of the employee Defendants were subsequently ratified and approved by SRVUSD.

## GOVERNMENT CLAIMS ACT COMPLIANCE

14. On or about various dates, and well within the time prescribed by law, Plaintiff obtained the correct government claim forms and timely submitted four (4) separate and sufficient claims to Defendant SRVUSD pursuant to California Government Code § 911.2, alleging the facts and damages contained herein. As an administrative function, SRVUSD denied the claims. In its denial letters, SRVUSD advised Plaintiff that she had six (6) months from the date of denial to file a court action on the claims. The denial letters are attached hereto as Exhibit A and incorporated herein by reference. Plaintiff has exhausted her administrative remedies and has fully complied with all requirements of the California Government Claims Act.

## GENERAL ALLEGATIONS

15. In 2019, Plaintiff, as a single parent, enrolled her two minor children, Natalia P. and Preston P., in SRVUSD. Plaintiff had relocated to the District from over an hour away to escape a domestic violence situation involving their father, Defendant Porter. Plaintiff's relocation was supported by advocates, and she had obtained a TRO against Porter for sexual assault with the support of Bay Area Legal Aid. The District was provided with copies of the TRO and was made aware of the sensitive domestic violence context.

16. Plaintiff's youngest child, Aiden P., was not of school age at that time. He later enrolled at Montevideo Elementary School via an interdistrict transfer waiver.

17. From the outset, Plaintiff's relationship with SRVUSD was governed by a 50/50 shared legal and physical custody order, which granted both parents equal rights to access educational records and participate in their children's schooling. The District was provided with and maintained copies of all relevant custody orders.

18. Plaintiff has had two older children matriculate through SRVUSD schools, including Iron Horse Middle School, Pine Valley Middle School, and California High School, without any of the issues alleged herein. Plaintiff has never had any issue with parents on any of the other campuses. Plaintiff has always had and continues to have a positive and cooperative relationship with those schools. The hostility, exclusion, and defamatory conduct alleged herein was a concentrated, targeted effort by Montevideo Elementary administrators, parents, and volunteers, and by other District employees who took direction from Defendant Porter in disregard of clear court orders establishing Plaintiff's compliance and custodial rights.

19. Beginning in or around the 2024-2025 school year and continuing thereafter, Defendants Martins, Witt, Lemmon, and DOES 1-20, acting in concert with Defendant Porter, engaged in a continuous and malicious campaign to exclude Plaintiff from Aiden P.'s education at Montevideo Elementary. This campaign included, but was not limited to, the following acts and omissions: a. Systematically denying Plaintiff access to Aiden P.'s online educational records and communication portals, despite her status as a 50/50 custodial parent. b. Refusing to provide Plaintiff with classroom updates, teacher communications, and school-wide announcements that were routinely provided to Defendant Porter. c. Failing to notify Plaintiff of critical events, including parent-teacher conferences, school events, and academic progress reports. d. Creating and disseminating a false narrative and a false paper trail among school staff, volunteers, and other parents that Plaintiff was an absent, uninvolved, or neglectful parent.

20. Despite possessing court orders clearly outlining Plaintiff's 50/50 custodial rights and the 2019 TRO that provided critical context about the domestic violence history, Defendants Martins, Lemmon, and other SRVUSD employees chose to exclusively communicate with and grant access to Defendant Porter, effectively erasing Plaintiff as a parent. 20.5. At all relevant times, Plaintiff and Defendant Porter were legally divorced. The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and its implementing regulations establish a federal confidentiality framework for student records and parent communications. The District's conduct breached this framework not by relying on official records, but by privileging unverified rumor and innuendo from Defendant Porter and his community allies over Plaintiff's rights as a documented custodial parent.

21. Throughout the 2024-2025 school year, Plaintiff's son, Aiden P., was tardy or absent on at least forty (40) occasions. On information and belief, on numerous occasions, Aiden P. was left to sit alone and unsupervised for hours at a time after school. At no point did any Defendant notify Plaintiff of these attendance issues or safety lapses. This information was actively concealed from her while Defendants simultaneously portrayed her as a neglectful parent.

22. Defendants' campaign of exclusion and defamation was not limited to official school channels. It extended into the broader Montevideo Elementary community, where administrators and volunteers actively participated in and ratified harassment against Plaintiff. 22.5. A volunteer mentor in the school's "Be a Mentor" program, who was aware of Plaintiff's family status, publicly demeaned Plaintiff's profession as a midwife, stating it was "not as important, or not important at all because she was not a doctor." In a parent WhatsApp group associated with Aiden P.'s class, other parents circulated harassing and defamatory messages alluding to the fact that Plaintiff "delivers babies at night but she's not at home with her own kids at night," falsely implying her profession

made her an unfit or absent parent. Defendants had knowledge of this coordinated harassment and failed to intervene. 22.6. Volunteers in the "Be a Mentor" program and other parent volunteer groups engaged in a persistent campaign of mockery and harassment directed at Plaintiff. Defendants Martins, Lemmon, and Hurlburt had both actual and constructive knowledge of this hostile behavior but failed to take any steps to intervene, thereby ratifying the conduct and fostering a hostile environment for Plaintiff.

23. On information and belief, Defendant Hurlburt had possession of the 2019 TRO and the operative custody orders demonstrating Plaintiff's 50/50 custodial rights. Despite having these official documents, Hurlburt chose to conduct her investigation and make her findings based upon unverified rumor, gossip, and self-serving assertions by Defendant Porter and his allies, in deliberate disregard of the documented evidence. 23.3. Classroom parents affiliated with Defendant Lemmon's class systematically excluded Plaintiff from all information regarding Aiden P.'s whereabouts, even during Plaintiff's own court-ordered custodial time. These parents arranged playdates and social gatherings for Aiden during Plaintiff's custodial periods without her knowledge or consent. When Plaintiff discovered Aiden had been at their homes and expressed her concern about not being informed, they mocked her for not knowing where her own son was. Plaintiff was never consulted or given the opportunity to manage any playdates throughout the school year. When confronted, these parents and volunteers, many of whom also work or volunteer within SRVUSD, doubled down on their exclusionary behavior. Defendants Martins, Lemmon, and Hurlburt were aware of this conduct and failed to intervene.

24. When Plaintiff filed formal complaints regarding these violations on June 5 2025 EXHIBIT B, Defendants, led by investigator Hurlburt, conducted a sham investigation designed to exonerate District employees and further vilify Plaintiff.

25. On July 1, 2025, the District issued its Level 1 Complaint findings EXHIBIT C. Contrary to any suggestion that Plaintiff's claims were simply "unsubstantiated," the District concluded by accusing Plaintiff of being "out of compliance" with Board Policy 1313 (Civility) for asserting her legal rights as a custodial parent. The findings did not merely dismiss Plaintiff's concerns; they weaponized the District's own policy against her, framing her lawful demands for access to records and equitable communication as uncivil conduct warranting administrative censure. The investigation was conducted by Defendant Hurlburt, who interviewed only Defendants Martins and Lemmon, individuals who share an intrinsic supervisory-subordinate (boss-employee) professional relationship that inherently compromises the independence and reliability of their corroborative testimonies. As principal and teacher, Martins directly supervises Lemmon's employment, creating a conflict of interest whereby Lemmon's testimony was necessarily biased by her dependence on Martins for professional evaluation, advancement, and job security. The abbreviated investigation failed to utilize the full 30-day period necessary for a thorough inquiry and failed to provide Plaintiff with any meaningful opportunity to present evidence, context, or testimony before rendering findings against her. 25.1. Plaintiff is informed and believes and thereon alleges that Defendants Martins, Lemmon, Hurlburt, Witt, and other SRVUSD administrators involved in the investigation and complaint process share longstanding professional and personal relationships arising from their status as lifelong residents of the San Ramon Valley and Tri-Valley area. These administrators attended local schools together, maintain social connections outside of their professional roles, and participate in the same community organizations and networks. This dual identity, as District employees during business hours and community insiders during personal time, created an environment where loyalty to local social networks superseded professional obligations to impartially investigate complaints,

particularly when the complainant was an outsider domestic violence survivor and the subject of the complaint was a fellow community member (Defendant Porter) or his allies within the school system. 25.2. On or about July 1, 2025, Plaintiff timely appealed the Level 1 findings and opted to file a Level 2 Complaint Appeal, citing the procedural flaws, the lack of a fair investigation, the inherent conflict of interest in interviewing a supervisor and her subordinate without independent corroboration, and the failure to consider the totality of Plaintiff's documented concerns. See Attachments (Level 2 Complaint Appeal and supporting documents), incorporated herein by reference as though fully set forth. 25.3. On July 2, 2025, Defendant Witt confirmed receipt of the Level 2 documents. That same day, Plaintiff inquired whether mediation was available. C.J. Cammack, on behalf of the District, responded that the complaint policies allow for an appeal process but do not provide for mediation, and referred Plaintiff to the District's third-party administrator for the separately filed lawsuit. 25.4. On July 10, 2025, nine days after the Level 2 complaint was submitted and eight days after its receipt was confirmed, Melanie Jones, Assistant Superintendent of Human Resources, initiated the Level 2 investigation by requesting an interview with Plaintiff. This initial contact occurred well outside any reasonable timeframe for commencing an impartial investigation. 25.5. On July 31, 2025, twenty-nine (29) days after Plaintiff submitted the Level 2 complaint and twenty-eight (28) days after Witt confirmed receipt, Jones sent a follow-up email requesting to schedule an interview. Plaintiff promptly responded, requesting a recorded Zoom interview. Jones refused to consent to recording and advised that Karen Dowd, Director of Human Resources Compliance, would also attend. 25.6. On August 1, 2025, Plaintiff raised concerns about the asymmetry of the interview process:, the District was permitted to have multiple representatives present while Plaintiff was initially denied any advocate, witness, or recording. Jones ultimately relented and agreed

that Plaintiff could have an attorney present, but refused to permit recording. 25.7. On August 4, 2025, the Level 2 interview was conducted via Zoom with Melanie Jones and Karen Dowd present for the District, and Plaintiff with her attorney. During or immediately after this interview, Defendant Hurlburt sent an email communication addressed to both Plaintiff and Defendant Porter regarding Plaintiff's private complaint, the custody agreement, and the District's complaint process. A true and correct copy of this email is attached as Exhibit D and incorporated herein by reference. 25.8. Hurlburt's inclusion of Defendant Porter on this communication was an egregious and intentional violation of Plaintiff's privacy rights and the federal confidentiality framework established by FERPA. Plaintiff and Porter are legally divorced. The Level 1 and Level 2 complaints were submitted by Plaintiff alone, in confidence, regarding District employees' conduct toward her. By copying Porter on this communication, Hurlburt deliberately disclosed the existence and substance of Plaintiff's private complaint to the very individual against whom Plaintiff had obtained a 2019 TRO for sexual assault involving their children, and who had been actively engaged in a campaign to discredit and defame her. 25.9. Hurlburt's disclosure was not inadvertent. It was sent at a time when the District was already dragging out the Level 2 process, refusing to record the interview, and stacking the proceedings against Plaintiff. The disclosure alarmed Porter to the fact that Plaintiff was contesting the District's processes and attempting to be restored to her children's records with the support of retained legal counsel. It provided Porter with advance notice of Plaintiff's evidentiary strategy and her attorney's involvement, thereby undermining her position in any future proceedings. It was intentionally designed to place Plaintiff in a compromised position, retaliate against her for exercising her rights, and aid Porter in his ongoing campaign to strip Plaintiff of custodial rights. 25.10. On August 5, 2025, Plaintiff sent an email to District leadership detailing Hurlburt's

retaliatory conduct and FERPA violation, bringing to their attention the unlawful disclosure of her private parent complaint to her ex-husband. A true and correct copy of this email is attached as Exhibit E and incorporated herein by reference. 25.11. On August 11, 2025, Jones emailed Plaintiff acknowledging that Administrative Regulation 1312.1 provides that staff will 'attempt to resolve the Level 2 complaint appeal within 30 days of the receipt.' Jones stated that a written response would be provided by September 3, 2025. Plaintiff immediately objected, noting that the complaint had been received on July 2, 2025, as confirmed by Witt, and that the 30-day period had already expired on August 1, 2025. Plaintiff correctly observed that the District had failed to investigate in a timely manner and did not get 'extra time' simply because it had delayed commencing the investigation. 25.12. On August 11, 2025, Plaintiff cancelled the Level 2 complaint, stating: 'You guys have royally failed at doing this correctly, fairly or in a timely manner. As a result, I'm cancelling the level 2 complaint. I'll take matters into my own hands.' The District's Level 2 process was a sham from inception: delayed, asymmetric, unrecorded, and ultimately aborted because the District refused to comply with its own timelines and procedures. 25.13. In or around June 2025, while SRVUSD was ostensibly completing its Level 1 complaint investigation, Defendants DOES 1 through 4, including the Interdistrict Transfer manager and staff in the Interdistrict Transfers department, failed to reach out to Plaintiff whatsoever regarding permits or transfers for her children. Instead, they exclusively communicated with Defendant Porter regarding these matters. The Level 1 complaint was closed so quickly and perfunctorily that there was no possibility SRVUSD could have thoroughly investigated or addressed Plaintiff's concerns, particularly because the exclusionary and harassing conduct was still actively occurring at that time. This further demonstrates that the investigation was a sham designed to protect District employees and Defendant Porter rather than to address Plaintiff's

legitimate grievances. 25.14. After months of advocacy, and the help of a retained attorney, Plaintiff was able to restore access to her children's records right before school started in the first weeks of August 2025. However, in or around August 26 2026, Defendant Porter, emboldened by the District's actions, the false record they had helped create, and the ammunition provided by Hurlburt's disclosures, sought a restraining order against Plaintiff in San Mateo County using snippets of communications and reactions by Plaintiff to community members, school volunteers, and people within the greater Tri Valley community who had been participating in the smear campaign as unauthenticated evidence, without declaration or affidavits to the court. Though the temporary restraining order was denied, Porter sought a full DRVO against Plaintiff, which was served on her on or about September 11, 2025, in front of her three children before school, just one day before Plaintiff was moving them into a 3-bedroom house of their own. This action was retaliatory and based on the same false narrative of Plaintiff being a non-compliant and neglectful parent that the District Defendants had created and disseminated. 25.15. The legal proceedings initiated by Porter involved many of the same individuals who had participated in the campaign to remove Plaintiff from school records. Plaintiff's attorney, who had represented her in the school conflict, suggested filing an anti-SLAPP motion given the posture of the actions of the District, its volunteers and employees, and others within the greater Tri Valley area, and to seek a first continuance to give more time to gather evidence needed to subpoena district records, employees and communications, but Plaintiff was wrongfully denied a rightful continuance for "lack of good cause" and her attorney was removed from the hearing because the court refused to trail the Anti-Slapp motion to the DRVO hearing, and after only 5 days, a Declaration in support of the mother from Natalia P. who was also a former protected party in the 2019 TRO for sexual assault, and testimony from Rafael Porter who spoke on the record stating "*that admitted*

*he used old text messages as evidence because more recent communications would not have justified the order*." and that the kids were "not ain any physical danger", Plaintiff lost full legal and physical custody of her kids for 3 years. 25.16. The concerted actions of the SRVUSD Defendants and Defendant Porter directly and proximately caused catastrophic harm to Plaintiff and their three kids by unilaterally inserting themselves in or otherwise not intervening in building community violence in which Plaintiff took the correct procedural steps to address. At no point was Plaintiff acting in a group to "be uncivil," whereas Defendants at all times acted in a group to cause severe and catastrophic harm. By creating and ratifying a false record of Plaintiff's alleged 'non-compliance' and 'neglect,' Defendants provided Defendant Porter with fabricated ammunition that he successfully used in family court to obtain full custody of the children, thereby stripping Plaintiff of her fundamental custodial rights. This resulted in profound public humiliation, a loss of personal and professional reputation, and severe emotional distress. 25.17. The basis for Defendants' actions was not any verified information contained in official records, but rather unverified rumor, innuendo, and gossip originating from Defendant Porter, District employees and volunteers, and his allies within the school community. Instead of relying on the court orders and the 2019 TRO on file, Defendants chose to believe and act upon this misinformation, in breach of their duties to Plaintiff and her children.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Negligence) (Against Defendants SRVUSD, Martins, Witt, Lemmon, Hurlburt, and DOES 1-4, 11-20)

26. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Defendants, and each of them, owed a duty of reasonable care to Plaintiff to act as a reasonably prudent school district, administrator, and teacher under the same or similar circumstances. This duty included, but was not limited to, the duty to: a. Provide Plaintiff with equal access to her children's educational records and school communications, consistent with her status as a 50/50 custodial parent. b. Comply with all applicable state and federal laws regarding parental rights and student records, including the California Education Code and Family Code. c. Refrain from creating, disseminating, or ratifying a false and defamatory narrative about Plaintiff's parental fitness and involvement. d. Conduct fair, impartial, and timely investigations into parent complaints. e. Supervise and train employees and volunteers to prevent the violation of parental rights and the infliction of emotional distress. f. Notify Plaintiff of her son Aiden P.'s excessive tardiness and absences and any instances where he was left unsupervised after school, pursuant to Ed. Code § 48260.5 and the District's general duty of care. g. Refrain from disseminating unverified rumor in lieu of official records where child welfare and the rights of a domestic violence survivor are at stake. h. To communicate with Plaintiff regarding interdistrict transfer permits and enrollment matters, and to refrain from directing all such communications exclusively to Defendant Porter in disregard of Plaintiff's custodial rights.

28. Defendants, and each of them, breached their duty of care to Plaintiff through the acts and omissions alleged herein, including but not limited to: denying her access to records; concealing information about her children's safety and academic progress; creating and spreading a false narrative of neglect; conducting a sham investigation; failing to notify

her of Aiden P.'s attendance and safety issues; and actively collaborating with her ex-husband to undermine her parental rights.

29. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial harm, including but not limited to severe emotional distress, humiliation, damage to her reputation, loss of her custodial rights, and economic losses in the form of legal fees and other costs. Plaintiff has sustained general and special damages in an amount to be proven at trial.

SECOND CAUSE OF ACTION

(Negligent Supervision, Training, and Retention) (Against Defendant SRVUSD)

30. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

31. Defendant SRVUSD had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees, including Defendants Martins, Witt, Lemmon, Hurlburt, and DOES 1-4 and 11-20.

32. SRVUSD knew or should have known that its employees were unfit to perform their duties without proper training and supervision, particularly regarding the sensitive issues of parental rights in shared custody arrangements, domestic violence, and compliance with state and federal privacy laws.

33. SRVUSD breached its duty by, among other things: a. Failing to adequately train its employees on the legal requirements of California Education Code, Family Code, and FERPA. b. Failing to implement and enforce clear policies and procedures to ensure equal communication and access for all custodial parents. c. Failing to adequately supervise its employees, allowing them to engage in a prolonged campaign of exclusion and harassment against Plaintiff. d. Retaining employees, including Martins, Lemmon,

and Hurlburt, after it knew or should have known of their misconduct and their unfitness to interact with parents, particularly domestic violence survivors. e. Ratifying the wrongful conduct of its employees by conducting a sham investigation and failing to take any corrective or disciplinary action.

34. As a direct and proximate result of SRVUSD's negligent hiring, training, supervision, and retention, Plaintiff was harmed as alleged above and has sustained general and special damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

35. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

36. Defendants, and each of them, engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, Plaintiff severe emotional distress. This outrageous conduct included, but was not limited to: a. Systematically and intentionally excluding a known domestic violence survivor from her children's educational lives while possessing court orders affirming her rights. b. Actively collaborating with her abusive ex-husband to create and disseminate a false narrative that she was neglectful and unfit. c. Conducting a sham investigation into her valid complaints and then accusing her of being "out of compliance" for asserting her rights. d. Concealing for an entire school year that her young son was frequently tardy and being left unsupervised after school. e. Weaponizing their positions as educators and community insiders to ostracize, humiliate, and defame Plaintiff. f. Knowingly providing her abusive ex-husband with false information and a manufactured record to use against

her in custody proceedings. g. Leaving Aiden P. unsupervised and failing to notify Plaintiff, a direct and foreseeable breach of a special duty of care that would cause severe emotional distress to any parent. h. Permitting and failing to intervene when a school mentor and other parents mocked Plaintiff's profession as a midwife and disseminated communications falsely implying that her career made her an unfit or absent parent. i. Relying on unverified rumor and gossip rather than official on-file records to accuse Plaintiff of unfitness and to facilitate the loss of her custodial rights. (j) Deliberately disclosing the existence and substance of Plaintiff's private Level 2 complaint to Defendant Porter during the investigative interview, in violation of FERPA and basic fairness, to alarm him, undermine Plaintiff's legal position, and retaliate against her for exercising her rights.

37. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered severe and extreme emotional distress, including but not limited to anxiety, depression, humiliation, fear, and anguish, causing her to sustain general and special damages in an amount to be proven at trial.

38. The conduct of the individual Defendants was undertaken with malice, oppression, and fraud, warranting the imposition of punitive damages in an amount sufficient to punish and deter such conduct in the future.

FOURTH CAUSE OF ACTION

(Defamation - Libel and Slander) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

40. Defendants, and each of them, published or spoke false and unprivileged statements of fact to third parties, including other SRVUSD employees, parents, and community members, concerning Plaintiff.

41. These false and defamatory statements included, but were not limited to, statements that Plaintiff was: a. A neglectful, absent, and uninvolved parent. b. An uncooperative, non-compliant, and uncivil individual who was causing problems for the school. c. That her profession as a midwife was inferior, illegitimate, or less important than that of a doctor. d. That Plaintiff "delivers babies at night but she's not at home with her own kids at night," falsely implying professional dereliction made her a neglectful parent. e. A vindictive parent who was manufacturing baseless complaints against dedicated school employees. (f) That Plaintiff was 'out of compliance' with District policy for lawfully asserting her parental rights, when in fact she was fully compliant with all court orders and statutory requirements.

42. These statements were false. Plaintiff is a dedicated, involved, and loving parent who holds 50/50 legal and physical custody of her children. Her profession is lawful and respected, and she was at all times compliant with court orders. Her complaints were substantiated by law and fact.

43. Defendants published these statements with knowledge of their falsity or with reckless disregard for the truth. 43.1. Pursuant to Kimoanh Nguyen-Lam v. Sinh Cuong Cao (2009) 171 Cal. App. 4th 858, actual malice can be inferred. Defendants possessed official court orders, including the 2019 TRO and custody agreements, which contradicted the false narrative they were promoting. Their decision to rely on unverified rumor and gossip from Defendant Porter and his allies, while ignoring the official documents in their possession, constitutes a reckless disregard for the truth.

44. As a direct and proximate result of the defamatory statements, Plaintiff's reputation has been harmed, and she has suffered shame, mortification, and hurt feelings, all to her general and special damage in an amount to be proven at trial.

45. The defamatory statements were made with malice, oppression, and fraud, entitling Plaintiff to an award of punitive damages.

FIFTH CAUSE OF ACTION

(Invasion of Privacy – Public Disclosure of Private Facts) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

46. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

47. Defendants, and each of them, publicly disclosed private facts about Plaintiff to persons who had no legitimate need or reason to know them.

48. The disclosures were not based upon verified official records maintained by the District, but instead upon unverified rumor, gossip, innuendo, and self-serving assertions by Defendant Porter and school-affiliated parents.

49. The private facts disclosed included, but were not limited to: details of Plaintiff's custody arrangement, false allegations about her parental fitness, details of her confidential complaints against staff, and information related to her history as a domestic violence survivor and the 2019 TRO.

50. The public disclosure of these facts would be offensive and objectionable to a reasonable person of ordinary sensibilities, and they were not of legitimate public concern. These facts were weaponized to discredit Plaintiff, facilitate Defendant Porter's retaliatory legal actions, and strip Plaintiff of her custodial rights.

51. As a direct and proximate result of Defendants' invasion of her privacy, Plaintiff has suffered humiliation, embarrassment, and severe emotional distress, all to her general and special damage in an amount to be proven at trial. 51.1. Defendant Hurlburt's disclosure of Plaintiff's private complaint and investigative process to Defendant Porter was a separate and additional public disclosure of private facts. The complaint was Plaintiff's confidential communication to the District regarding employee misconduct. By disclosing it to Porter without Plaintiff's consent, Hurlburt revealed private information about Plaintiff's advocacy for her children and her disputes with the District, which Porter had no right to know and which he then used to further his retaliatory legal campaign.

52. The conduct of the individual Defendants was undertaken with malice, oppression, and fraud, warranting the imposition of punitive damages.

## SIXTH CAUSE OF ACTION

(Failure to Discharge a Mandatory Duty – Gov. Code § 815.6) (Against Defendant SRVUSD)

53. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

54. Pursuant to California Government Code § 815.6, a public entity is liable for an injury proximately caused by its failure to discharge a mandatory duty imposed by an enactment that is designed to protect against the risk of that particular kind of injury.

55. SRVUSD was under a mandatory, non-discretionary duty imposed by the following enactments, among others, to protect Plaintiff against the kind of injuries she suffered: a. Education Code § 49069: Imposes a mandatory duty to grant parents an absolute right to access their pupil's records and to provide such access within five (5) business days of a request. b. Education Code § 49063: Imposes a mandatory duty to notify parents annually of their rights under the chapter. c. Education Code § 51101(a)(10): Affirms the right of

parents to have access to the school records of their child. d. Family Code § 3025: Mandates that access to a child's records shall not be denied to a parent, which by implication protects the absolute right of a custodial parent like Plaintiff to such access. e. Education Code § 46600(f): Defines "Parent" for purposes of interdistrict transfers to include a person having legal custody. f. Education Code § 48980: Imposes mandatory duties regarding parental notification. g. Education Code § 48260.5: Imposes a mandatory duty on school districts to notify parents of a pupil's truancy or excessive absences. h. FERPA (20 U.S.C. § 1232g): Imposes a mandatory duty to protect the confidentiality of student records and related parental communications.

56. The purpose of these enactments is to protect parents from the precise injuries Plaintiff suffered: exclusion from their children's education, denial of access to critical information, and the resulting damage to the parent-child relationship and the child's welfare.

57. SRVUSD breached its mandatory duties by, among other things: a. Repeatedly and continuously denying Plaintiff access to Aiden P.'s records despite multiple requests. b. Failing to provide Plaintiff with timely and equal access to school and classroom communications. c. Failing to provide Plaintiff with annual notification of her parental rights. d. Creating and maintaining a system that favored one custodial parent over the other, in direct violation of state law. e. Failing to notify Plaintiff that her son Aiden P. had been tardy or absent over 40 times and was left unsupervised after school. f. Allowing its employees to violate these mandatory duties without correction or consequence. g. By directing all communications regarding interdistrict transfer permits and enrollment to Defendant Porter and refusing to communicate with Plaintiff, thereby violating Plaintiff's rights as a custodial parent and enabling Defendants to conceal material information about her children's educational status. (j) By failing to conduct the

Level 1 and Level 2 investigations in a fair, impartial, and timely manner; by interviewing only employees who share supervisory-subordinate relationships; by accusing Plaintiff of 'non-compliance' rather than addressing the documented misconduct; and by disclosing Plaintiff's private complaint to Defendant Porter in violation of FERPA's confidentiality framework.

58. As a direct and proximate result of SRVUSD's failure to discharge its mandatory duties, Plaintiff suffered the injuries and damages alleged herein, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

(Violation of Due Process and Equal Protection – 42 U.S.C. § 1983) (Against All Defendants)

59. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

60. Defendants, acting under color of state law as employees and agents of SRVUSD, deprived Plaintiff of her rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution. Defendant Porter, a private citizen, is liable as he was a willful participant in a joint action with the state and its agents.

61. Due Process: Defendants deprived Plaintiff of her liberty and property interests in her reputation and her fundamental right to direct the care, custody, and education of her children without due process of law. They did so by, among other things: conducting a sham investigation that offered no meaningful opportunity to be heard; denying her access to records and information necessary to protect her parental rights; and making adverse determinations about her parental fitness based on unverified rumor and innuendo, all of which directly led to the loss of her custodial rights.

62. Equal Protection: Defendants intentionally treated Plaintiff differently from other similarly situated parents (namely, Defendant Porter) without any rational basis. This differential treatment was motivated by an irrational animus toward Plaintiff as a domestic violence survivor who dared to challenge the authority of the school, and/or was based on Defendants' status as entrenched Tri-Valley insiders protecting their social network and ostracizing an outsider DV survivor. Defendants' actions, including facilitating Porter's retaliatory restraining order, were not rationally related to any legitimate government purpose.

63. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered the injuries and damages alleged herein, and is entitled to general and special damages, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

64. The conduct of the individual Defendants was undertaken with malice or with reckless disregard for Plaintiff's federally protected rights, warranting the imposition of punitive damages.

## EIGHTH CAUSE OF ACTION

(Violation of Constitutional Parental Rights – 42 U.S.C. § 1983) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

65. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

66. The U.S. Supreme Court has long recognized that parents have a fundamental constitutional right under the Fourteenth Amendment to direct the care, custody, control, and education of their children.

67. The individual Defendants, acting under color of state law, and Defendant Porter, acting in concert with them, intentionally and substantially interfered with Plaintiff's

fundamental parental rights by, among other things: a. Systematically excluding her from all aspects of her son's education. b. Actively concealing critical information about his safety, well-being, and academic progress. c. Creating and disseminating a false narrative that she was an unfit parent, thereby undermining her authority and relationship with her children and the school community. d. Collaborating in retaliatory legal proceedings designed to strip her of her custodial rights. e. Exposing her son Aiden P. to unsafe conditions by failing to supervise him after school and concealing this fact from her.

68. As a direct and proximate result of this unconstitutional interference, Plaintiff has suffered the loss of her custodial rights and severe emotional distress, and is entitled to general and special damages, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

69. The conduct of the individual Defendants was undertaken with malice or with reckless disregard for Plaintiff's fundamental constitutional rights, warranting the imposition of punitive damages.

## NINTH CAUSE OF ACTION

(Civil Conspiracy) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

70. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

71. Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20, and each of them, entered into an agreement and conspiracy to commit the wrongful acts alleged herein, including but not limited to depriving Plaintiff of her parental rights, defaming her, invading her privacy, and inflicting emotional distress.

72. The purpose of the conspiracy was to unlawfully exclude Plaintiff from her children's education, to protect SRVUSD employees from accountability, and to aid Defendant Porter in his campaign to gain sole custody of the children. In furtherance of the conspiracy, the Defendants committed numerous overt acts, including but not limited to: a. Denying Plaintiff access to student records and school communications. b. Exclusively communicating with Defendant Porter. c. Spreading false and defamatory statements about Plaintiff's fitness as a parent. d. Conducting a sham investigation into Plaintiff's complaints. e. Concealing Aiden P.'s attendance and safety issues from Plaintiff. f. Collaborating with Defendant Porter to support his retaliatory restraining order. g. Leaving Aiden P. unsupervised and concealing this fact from Plaintiff. h. Permitting and encouraging mentors and parents to mock Plaintiff's profession and disseminate false statements about her being an absent parent. i. Circulating unverified rumor and gossip in lieu of official records to support Defendant Porter's retaliatory custody action. j. Excluding Plaintiff from all communications regarding interdistrict transfer permits and enrollment, and directing such communications exclusively to Defendant Porter, to facilitate the concealment of material information and the ongoing campaign to strip Plaintiff of her custodial rights. (k) Disclosing Plaintiff's private complaint and investigative materials to Defendant Porter during the Level 2 process to alarm him, undermine Plaintiff's position, and coordinate a unified defense and retaliatory strategy.

73. As a direct and proximate result of the conspiracy and the wrongful acts committed in furtherance thereof, Plaintiff was harmed as alleged above and has sustained general and special damages in an amount to be proven at trial.

74. The conduct of the conspirators was undertaken with malice, oppression, and fraud, rendering them liable for punitive damages.

## TENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress) (Against Defendants SRVUSD, Martins, Witt, Lemmon, Hurlburt, and DOES 1-20)

75. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

76. Defendants owed a duty to Plaintiff to exercise due care to avoid causing her serious emotional distress. This duty arose from the special relationship between a school district and a parent, where it is foreseeable that a school's negligence concerning a child's safety and well-being will cause severe emotional distress to the parent.

77. Defendants breached this duty through their negligent conduct as alleged herein, including, most egregiously, by failing to supervise Plaintiff's young son, Aiden P., for hours after school on multiple occasions, and by actively concealing this dangerous and neglectful situation from Plaintiff. It was foreseeable that concealing such a safety lapse from a parent, while simultaneously accusing her of neglect, would cause severe emotional distress.

78. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious emotional distress, including fright, horror, grief, shame, humiliation, and anxiety, in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

(False Light Invasion of Privacy) (Against Defendants Martins, Witt, Lemmon, Hurlburt, Porter, and DOES 1-20)

79. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25, inclusive, as though fully set forth herein.

80. Defendants, by their actions, gave publicity to matters concerning Plaintiff that placed her before the public in a false light.

81. The false light in which Defendants placed Plaintiff would be highly offensive to a reasonable person. Specifically, Defendants created and disseminated the false impression that Plaintiff was a neglectful, absent, non-compliant, and uncivil parent who was inventing baseless complaints, when in fact she was a loving, involved, 50/50 custodial parent lawfully advocating for her and her children's rights. Defendants knew these statements and impressions were false because they possessed the court orders and records proving Plaintiff's status and her work as a respected professional. 81.1. Defendants also created the false impression that Plaintiff had engaged in misconduct warranting administrative findings of 'non-compliance,' when in fact Plaintiff had done nothing more than lawfully assert her statutory and constitutional rights as a 50/50 custodial parent. The District's sham investigations and retaliatory findings were themselves a form of false light, publicly characterizing a protective parent's lawful advocacy as uncivil rule-breaking.

82. Defendants acted with knowledge of or in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

83. As a direct and proximate result of being placed in a false light, Plaintiff has suffered humiliation, emotional distress, and harm to her reputation, all to her general and special damage in an amount to be proven at trial.

84. The conduct of the individual Defendants was undertaken with malice, oppression, and fraud, warranting the imposition of punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and compensatory damages in an amount according to proof at trial;
2. For special damages, including but not limited to past and future medical expenses, legal fees, and other economic losses, in an amount according to proof at trial;
3. For punitive and exemplary damages against the individual Defendants in an amount sufficient to punish them and deter similar conduct in the future;
4. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and any other applicable statute;
5. For declaratory relief, declaring that Defendants' acts, policies, and practices violated Plaintiff's rights under the United States and California Constitutions and applicable state laws;
6. For preliminary and permanent injunctive relief, ordering Defendants, their agents, employees, and successors in interest to: a. Immediately and unconditionally grant Plaintiff full access to all educational records and communication platforms for her children; b. Implement and enforce a clear, written policy ensuring that all custodial parents, regardless of their relationship with the other parent, receive equal and contemporaneous communications from the District and its schools; c. Cease and desist from all defamatory, harassing, and retaliatory conduct against Plaintiff; d. Expunge from all records any and all false and defamatory statements concerning Plaintiff, including the findings of the Level 1 complaint; e. Provide mandatory training to all administrators and staff on parental rights, domestic violence, and compliance with state and federal law. f. Investigate and cease harassment by parents, mentors, and community members targeting Plaintiff's professional relationships and professional reputation either as a maternal healthcare provider or tech company founder. g. Cease retaliatory conduct and stop aiding and abetting to facilitate legal proceedings against Plaintiff on behalf of Defendant Porter, and implement protocols to notify Plaintiff of any future tardiness, absence, or

after-school supervision failures so long as court orders are in effect at the time. h. Implementing protocols to ensure that all parent complaints and investigations are conducted fairly, impartially, and without disclosure to the subject of the complaint or their allies; and i. Prohibiting administrators who share supervisory-subordinate or close personal relationships from investigating one another's conduct without independent oversight.

7. For pre-judgment and post-judgment interest as allowed by law;
8. For costs of suit incurred herein; and
9. For such other and further relief as the Court may deem just and proper.

Dated: July 29, 2026 in Concord, California

By: ADONICA SHAW

Plaintiff in Pro Per

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 29, 2026 in Concord, California

/s/ADONICA SHAW
Plaintiff in Pro Per

# EXHIBIT A

Keenan

PO Box 2707
Torrance, CA 90509

(800)344-8507
(510)986-6756 fax
www.keenan.com
CA License #0451271

March 11, 2026

Adonica Shaw
3236 Clayton Road
Concord, CA 94519

RE: **Adonica Shaw vs. San Ramon Valley Unified School District**
Keenan File No: 665583
Date of Loss: 08/03/2025

Dear Ms. Shaw:

Keenan & Associates is the claims administrator for San Ramon Valley Unified School District. Notice is hereby given that the claim you presented to the San Ramon Valley Unified School District on 12/25/25 and served upon the district on 1/4/26 was rejected on 2/19/26 via Operation of Law.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in the State of California on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

John Lee
Sr. Claims Examiner
jlee@keenan.com
Property & Liability Claims Administration

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2355 Crenshaw Blvd, Suite 200, Torrance, CA 90501.

On March 12, 2026, I served the foregoing document(s) described as Notice of Rejection, reiterating denial via Operation of Law, in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Adonica Shaw
3236 Clayton Road
Concord, CA 94519

With postage thereon fully prepaid for collection and mailing at Torrance, California.

I am readily familiar with the regular mail collection and processing practices of the business, that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 12, 2026 in Los Angeles County, California.

Nydia Huerta

Nydia Huerta

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2355 Crenshaw Blvd, Suite 200, Torrance, CA 90501.

On January 30, 2026, I served the foregoing document(s) described as: Operation of Law, in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Adonica Shaw
3236 Clayton Road
Concord, CA 94519

With postage thereon fully prepaid for collection and mailing at Torrance, California.

I am readily familiar with the regular mail collection and processing practices of the business, that the mail would be deposited with the United States Postal Service that same day in the ordinary course of business, and that the envelope was sealed and deposited for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2026 in Los Angeles County, California.

Kimberli Jones

Keenan

PO Box 2707
Torrance, CA 90509

(800)344-8507
(510)986-6756 fax
www.keenan.com
CA License #0451271

January 30, 2026

Adonica Shaw
3236 Clayton Road
Concord, CA 94519

**RE: Adonica Shaw vs. San Ramon Valley Unified School District**
Keenan File No: 665583
Date of Loss: 08/03/2025

Dear Ms. Shaw:

Keenan & Associates is the claims administrator for San Ramon Valley Unified School District. Notice is hereby given that the claim you presented to San Ramon Valley Unified School District on 11/11/25, served upon the district on 12/12/25 was rejected on 1/30/26 by operation of law.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in the State of California on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

John Lee
Sr. Claims Examiner
jlee@keenan.com
Property & Liability Claims Administration

Keenan

PO Box 2707
Torrance, CA 90509

(800)344-8507
(510)986-6756 fax
www.keenan.com
CA License #0451271

January 30, 2026

Adonica Shaw
3236 Clayton Road
Concord, CA 94519

**RE: Adonica Shaw vs. San Ramon Valley Unified School District**
Keenan File No: 665583
Date of Loss: 08/03/2025

Dear Ms. Shaw:

Keenan & Associates is the claims administrator for San Ramon Valley Unified School District. Notice is hereby given that the claim you presented to San Ramon Valley Unified School District on 11/12/25 was rejected on 1/30/26 by operation of law.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in the State of California on this claim. See Government Code section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

John Lee
Sr. Claims Examiner
jlee@keenan.com
Property & Liability Claims Administration

# EXHIBIT B

E 1312.1 a

**SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT**
**LEVEL 1 COMPLAINT FORM**

Directions: This form is to be used after an informal discussion between the complainant and the employee about whom the complaint is being made failed to resolve the issue.

| | |
|---|---|
| Name: | Adonica Shaw |
| Address: | 848 Morningside Way Pleasant Hill CA 94523 |
| Home Phone: | 415-767-6999 |
| Work Phone: | |
| Student name (if applicable): | Aiden Porter |
| School name (if applicable): | Montevideo Elementary |
| Name of employee about whom the complaint is being made: | Elizabeth Lemmon, Kathleen Martins |

Details of the complaint (attach appropriate supporting documents):

See attached email.

Individuals with information about the circumstances of the complaint:

Elizabeth Lemmon, Kathleen Martins

Did you attempt to resolve the complaint at the informal level? YesX No (Circle One)

Details of the attempt to informally resolve the complaint:

Over the last several years, I have made multiple attempts to communicate with school staff—both in writing and through in-person conversations—regarding the importance of being equally engaged and informed about my children's education and any circumstances that arise on campus. This includes matters related to academic performance, behavioral concerns, special events, and any health or safety issues affecting any of my three children enrolled in the district.

My efforts to informally resolve this concern have included direct outreach to teachers, emails to the school principal, and requests for inclusion in parent-teacher meetings and school-related communications. Despite these efforts, I have repeatedly experienced a pattern of being left out of critical conversations and decision-making processes involving my children. These omissions have had a significant impact on my ability to actively support my children's education and well-being, and they continue to raise concerns about equitable parental engagement.

It is my hope that this matter can be addressed constructively and with the urgency it deserves, as it directly affects the academic and emotional outcomes for my children.

**A copy of the Level 1 Complaint Form will be given to the employee, if appropriate based on the circumstances, to allow the employee to respond to the complaint.**

I declare under penalty of perjury under the laws of the State of California, that I have made true, correct and complete answers and statements on this complaint form and/or any attachment to this complaint.

| Signature | Date |
|---|---|
| [signature] | 6/3/25 |
| Received By | Date |
| | |

Submit to: All Level 1 complaints related to district personnel shall be submitted to the principal or immediate supervisor.

**SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT**
**Danville, California**

E 1312.1 b

# SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
## LEVEL 2 COMPLAINT APPEAL FORM

Directions: This form is to be used to appeal a Level 1 disposition of a complaint about a District employee. It must be submitted within 15 calendar days after receiving the Level 1 report. A Level 2 complaint should clearly state and describe the reasons for the appeal

Date you received the Level 1 report: ______________________

Name: ______________________

Address: ______________________

Home Phone: ______________________

Work Phone: ______________________

Cell Phone: ______________________

Student name/Grade (if applicable): ______________________

School name (if applicable): ______________________

Name of employee about whom the complaint is being made: ______________________

| Provide supporting reasons for your complaint: |
| --- |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

I declare under penalty of perjury under the laws of the State of California, that I have made true, correct and complete answers and statements on this complaint form and/or any attachment to this complaint.

______________________

Signature　　　　　　　　　　Date

______________________

Received By　　　　　　　　　　Date

Submit to: All Level 2 complaint appeals related to district personnel shall be submitted to the Human Resources Department, SRVUSD 699 Old Orchard Drive, Danville, CA 94526.

# SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
## LEVEL 3 COMPLAINT FORM

Directions: This form is to be used to request that a complaint be reviewed by the Board of Education following the completion of a Level 1 complaint and Level 2 complaint. It must be submitted within 15 calendar days after receiving the Level 2 report. A Level 3 complaint should clearly state and describe the reasons for the complaint.

Date you received the Level 2 report: ______________________

Name: ______________________

Address: ______________________

Home Phone: ______________________

Work Phone: ______________________

Cell Phone: ______________________

Student name/Grade (if applicable): ______________________

School name (if applicable): ______________________

Name of employee about whom the complaint is being made: ______________________

Provide supporting reasons for your complaint:

I declare under penalty of perjury under the laws of the State of California, that I have made true, correct and complete answers and statements on this complaint form and/or any attachment to this complaint.

Signature ______________________ Date ______________________

Received By ______________________ Date ______________________

Submit to: All Level 3 complaints shall be submitted to the Executive Assistant to the Superintendent, SRVUSD 699 Old Orchard Dr. Danville, CA 94526.

# EXHIBIT C

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

July 1, 2025

Sent via Email
Adonica Shaw
848 Morningside Way
Pleasant Hill CA 94523
415 767 6999

Re: Response to Your Level 1 Complaint dated 6/3/2025
Adonica Shaw, Complainant
Kathleen Martins, Respondent
Elizabeth Lemmon, Respondent

Dear Ms. Shaw,

This letter serves to inform you that the District has concluded its investigation into your Level 1 Complaint submitted on June 3, 2025, against Elizabeth Lemmon, Teacher at Montevideo Elementary School and Kathleen Martins, Principal at Montevideo Elementary. We recognize the importance of meaningful communication between families and schools, and we take all concerns seriously. Below is a summary of the findings based on a thorough review of the information provided.

**I. Summary of Allegations**

Your complaint alleges a persistent failure to fulfill the basic professional duty of care and parental partnership expected of SRVUSD educators. You assert that a lack of proactive engagement regarding your son Aiden's education represents a violation of parental rights and educational equity, and you raise concerns about compliance with California Education Code and district expectations for meaningful home-school communication.

**II. Scope of Investigation and Findings**

The investigation was conducted by Annabel Hurlburt, Director of Instruction, Elementary. As part of the process, I reviewed your formal complaint and eight supplemental emails from you, communications between Ms. Lemmon and both parents, interviews with the respondents, and relevant policy documents, including California Education Code 11502, SRVUSD Board Policy, and the Montevideo Elementary School Student/Family Handbook 2024-25.

The standard of proof used in this investigation is the preponderance of the evidence. "Substantiated" means there was sufficient evidence, on a more likely than not basis, to find that the allegation is factually proven. "Unsubstantiated" means there was insufficient evidence, on a more likely than not basis, to find that the allegation was factually proven in this investigation.

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

## III. Material Findings of Fact

**Complaint Against Elizabeth Lemmon**
Your complaints against Ms. Lemmon are summarized as follows:

1. A lack of individualized communication with regard to Aiden's progress. Specifically, you stated you received the weekly class newsletter which you consider to be a 'passive' form of communication. And you received two emails in the 2024-25 school year that mention Aiden by name.

2. An imbalance in the communication between Ms. Lemmon and yourself and Ms. Lemmon and Aiden's father, Rafael Porter.

3. Your Complaint states that Ms. Lemmon confronted you with "inappropriate and unnecessarily harsh comments" when you brought food treats to school for Aiden's birthday.

**Complaint Against Kathleen Martins**
Your complaints against Ms. Martins are as follows:

1. Repeated failure to act professionally in response to parent concerns and formal complaints.

2. A lack of due diligence following a formal complaint, including contacting involved parties without first confirming the details of the complaint.

### A. Complaint Against Ms. Lemmon

1. Frequency and Individualization of Communication

Documentation shows that Ms. Lemmon communicated weekly with families via email. You were included in this class-wide distribution list, and emails were sent beginning August 12 with information about Back to School Night, assessment sign-ups, classroom procedures, and student access to the District Portal. A September 30 email included instructions for scheduling parent-teacher conferences. These communications were routine and encouraged parents to reach out with questions or concerns.

Records show no email communication initiated by you to Ms. Lemmon during the 2024-25 school year prior to your email on May 29. Interviews confirmed that Ms. Lemmon was unaware of any communication concerns until that point. She reported that she responds to inquiries within 48 hours and would have responded had a request been made.

Individualized student feedback was provided via two formal report cards in the Parent Portal of Infinite Campus, each with specific teacher comments. This process is standard district practice for all students.

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

Based on these findings, Ms. Lemmon met expectations for family communication under Education Code 11502 and the Montevideo Elementary School Student/Family Handbook. Effective and meaningful communication requires engagement from both educators and families. Therefore, this allegation is found to be **unsubstantiated.**

2. Equity in Communication

Interviews and email records indicate that Mr. Porter was the primary point of contact listed in the Student Information System. Ms. Lemmon responded to four emails from Mr. Porter and initiated four in return—two logistical and two concerning student behavior. She acknowledged that she extended a spring conference invitation only to Mr. Porter, not directly to you.

While not deliberate, the lack of inclusion resulted in your feeling excluded from important discussions. **Moving forward, we have taken steps to ensure that both parents will be copied on all classroom communication.**

It should also be noted that the Legal Custody Agreement you shared with me via email on 6-19-2025 states *"It is each parent's responsibility to request report cards, parent-teacher conferences, progress reports, school calendars, and the like directly from the minors' school."*

Thus, this allegation is **unsubstantiated**. While there was a slight imbalance in communications, Ms. Lemmon did not violate any School or District policies and there is no evidence of you requesting to be included in all communication with Mr. Porter.

3. Birthday Interaction

Your complaint describes an interaction during Aiden's birthday celebration. Ms. Lemmon recalled sharing a general concern about food safety due to dietary restrictions and did not recall making any specific critical statements. Ms. Martins, also present, did not report hearing any inappropriate comments.

Montevideo's handbook states that food treats for birthdays are not permitted. In response to your arrival with food items, staff arranged for distribution outside the classroom at dismissal. The handling of the situation appears consistent with school policy and practice, and there is no corroborating evidence of disrespectful behavior. Therefore, this allegation is **unsubstantiated.**

**B. Complaint Against Kathleen Martins**

1. Repeated failure to act professionally in response to parent concerns and formal complaints.

Records indicate that your first communication about communication concerns during the 2024-25 school year occurred on May 29. In prior years, Ms. Martins addressed several concerns raised by you, including a January 2023 pick-up issue and an April 2024 incident related to Aiden's hair. Each instance was followed by a timely response from Ms. Martins by email or phone call. Reasonable efforts were made to address incidents Ms. Shaw brought to Administration that were within the scope of the school's purview.

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

Additionally, a one-hour in-person meeting was held in September 2024. Afterward, Ms. Martins emailed you to express her willingness to continue supporting your family. These actions demonstrate consistent and professional follow-up. Therefore, this allegation is **unsubstantiated.**

2. Due Diligence Following Complaint

Following your May 29 complaint, Ms. Martins contacted you by phone on June 2 to gather information before notifying her supervisor. This initial outreach was made in accordance with SRVUSD practice, which encourages administrators to speak directly with caregivers to understand their concerns.

During the call, Ms. Martins shared that she attempted to find a resolution, including ensuring both parents were included on future communications. However, the tone of the call reportedly escalated, with language and behavior from you that violated expectations outlined in Board Policy 1313: Civility.

Ms. Martins' response was timely and appropriate. Therefore, this allegation is **unsubstantiated.**

**IV. Conclusion**

Based on the foregoing findings, the District will close your Level 1 Complaint. We remain committed to fostering a respectful and inclusive environment for all students and families, and we appreciate your continued partnership. We encourage you to connect with Aiden's teacher next school year to share your expectations regarding school/home communication.

**V. Action Taken**

1. A flag and notation has been entered into the Student Information System stating that both Mr. Porter and Ms. Shaw should be included in all communication with the classroom teacher moving forward.

**VI. Appeal**

The Complainant may appeal the disposition of the complaint utilizing the Level 2 Complaint Appeal Form (E 1312.1). This Administrative Regulation is available on the District's website. The Level 2 appeal must be submitted within 15 calendar days after receiving the Level 1 report. If needed, the complainant may request assistance from District staff in the completion of the form.

Sincerely,

*Annabel Hurlburt*

Annabel Hurlburt
Director of Instruction, Elementary
San Ramon Valley Unified School District

CC: Elizabeth Lemmon, Kathleen Martins

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

Attachments:

A. California Education Code 11502 excerpt
B. Montevideo Elementary School Student/Family Handbook excerpts regarding communication and birthdays
C. SRVUSD Board Policy 1313 : Civility
D. Screenshot of PORTER AND SHAW (PORTER) Custody Agreement 06/23/2023 (via email from Ms. Shaw)

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

## Attachment A

Your complaint refers to Education Code 11502, an excerpt of which is below:

***Meaningful communication***
*11502. It is the purpose and goal of this chapter to do all of the following:*

*(a) To engage parents positively in their children's education by helping parents to develop skills to use at home that support their children's academic efforts at school and their children's development as responsible future members of our society.*

*(b) To inform parents that they can directly affect the success of their children's learning, by providing parents with techniques and strategies that they may utilize to improve their children's academic success and to assist their children in learning at home.*

***(c) To build consistent and effective communication between the home and the school so that parents may know when and how to assist their children in support of classroom learning activities.***

*(d) To train teachers and administrators to communicate effectively with parents.*

*(e) To integrate parent involvement programs, including compliance with this chapter, into the school's master plan for academic accountability.*

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

**Attachment B**

The Montevideo Elementary Student/Family Handbook 2024-25 contains the following information about home/school communication:

> ***Communication***
> *Communication is extremely important to us. Our policy is to respond to communication requests within 48 hours while school is in session. Contact information for staff members appears here.*
>
> *FRIDAY is our school-to-home communication day via the Friday Flash. Additionally, teachers send home Friday folders which contain valuable information including information on special events and student progress.*
> *We send a monthly Principal's Newsletter and important email blasts throughout the year. Please make sure your e-mail address is correct on your Infinite Campus Portal.*
> *The Montevideo Elementary website is here.*

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

## Attachment C

Policy 1313: Civility

Original Adopted Date: 03/14/2023 | Last Reviewed Date: 03/14/2023

Status: ADOPTED

The Governing Board recognizes the impact that civility has on the effective operation of the district, including its role in creating a safe and positive school climate and enabling a focus on student well-being, learning, and achievement.

The Board believes that each person should be treated with dignity and respect in their interactions within the school community. The Board understands that the First Amendment provides strong protection for speech. However, the Board expects that all speech and expression will comport with norms of civil behavior on district grounds, in district facilities, during district activities or events, and in the use of district electronic/digital systems and platforms.

Civil behavior is polite, courteous, and reasonable behavior which is respectful to others and includes integrity, honesty, acceptance, timeliness, dependability, observance of laws and rules, and effective communication.

The Board and district staff shall model civil behavior as an example of behavior that is expected throughout the district. Practices that promote civil behavior include actively listening, giving full attention to the speaker, and refraining from interruptions; welcoming and encouraging participation, input, and feedback through stakeholder engagement; promptly responding to concerns; and embracing varying and diverse viewpoints. Such practices may be incorporated into governance standards adopted by the Board or Superintendent and/or professional standards or codes of conduct for employees as specified in district policies and regulations.

Students, staff, parents/guardians, and community members should be educated in the recognition, development, and demonstration of civil behavior. The Superintendent or designee may incorporate related concepts in the curriculum, provide staff development activities, and/or communicate this policy to the school community.

Students, staff, parents/guardians, and community members shall not communicate or behave in a manner that causes disruption; hinders the orderly conduct of district operations, the educational program, or any other district program or activity; or creates an unsafe learning or working environment. The Superintendent or designee may respond to disruptive, violent, or threatening behavior in accordance with the law.

Behavior by students or staff that is discriminatory, harassing, or intimidating, including sexual harassment, bullying, and/or hate violence, or behavior that is in any other way unlawful, is prohibited and is subject to discipline in accordance with law and as specified in district policy and regulations.

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT
699 Old Orchard Drive, Danville, California 94526
Educational Services
(925) 552-5500 • FAX (925) 743-3902

## Attachment D

Screenshot of PORTER AND SHAW (PORTER) Custody Agreement 06/23/2023 shared by Ms. Shaw

Aid 12m now
To you, Natalia & 2 others
Ok

The above named parents were seen together via Zoom video conferencing on 05/04/2023 for recommending counseling regarding the minors, Natalio, age 14, Preston, age 11, and Aiden, age 6. Both parents completed the Parent Orientation prior to their session.

**Outcome**
The parents were successful in reaching the following agreement. The undersigned informed the parents that their agreement would not become a Court order unless they appeared in Court or filed a stipulation. If at the time of the Court hearing the parents do not agree, their agreements would become part of this counselor's recommendations.

PORTER AND SHAW (PORTER) 19-FAM-00700 C.D. 06/23/2023

**AGREEMENTS:**

1. **Legal Custody:**
The parents shall have joint legal custody of the minors, Natalia, Preston and Aiden. The parents shall consult and cooperate with each other in making decisions and sharing information related to the health, education, and welfare of the minors. Each parent shall have access to medical and school records pertaining to the minors. It is each parent's responsibility to request report cards, parent-teacher conferences, progress reports, school calendars, and the like directly from the minors' school.

2. **Physical Custody:**
The parents shall have joint physical custody of the minors, Natalia, Preston, and Aiden.

3. **Timeshare:**
Upon the mother's relocation to within 3 miles of the father's current residence in Concord, CA or within 3 miles of Monte Video Elementary School, the minors' time with each parent shall be an alternating two week schedule as follows:
    a. Week 1: With the mother Wednesday school pick up (or 8am) to Saturday between 4pm to 6:30pm, to be determined between the parents by 12pm that day. With the father Saturday between 4pm to 6:30pm, to Wednesday school drop off (or 8am).
    b. Week 2: With the mother Wednesday school pick up (or 8am) to Sunday between 4pm to 6:30pm, to be determined between the parents by 12pm that day. With the father Sunday between 4pm to 6:30pm to Wednesday school drop off (or 8am).

4. **Holidays:**
    a. The designation for "3-day weekend" holidays shall be removed.

5. All other custody and visitation orders not in conflict with this recommendation shall remain in full force and effect.

Respectfully submitted,

Date: 05/04/2023

By: Samantha Esver-Poon, MSW
Child Custody Recommending Counselor

Cc: RAFAEL ELI PORTER
ADONICA MARIE SHAW PORTER

# EXHIBIT D

**SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT**
**699 Old Orchard Drive, Danville, California 94526**
**Educational Services**
**(925) 552-5500 • FAX (925) 743-3902**

August 4, 2025

Sent Via Electronic Mail Only
[redacted]

Ms. Adonica Shaw    Mr. Rafael Porter

Re: Custody Agreement Regarding Aiden Porter and Request for Student Information

Dear Ms. Shaw and Mr. Porter,

I write on behalf of the San Ramon Valley Unified School District ("District") regarding your child, Aiden Porter, and your custody agreement regarding pick up and decision making, in response to correspondence received from Ms. Shaw on July 31, 2025 and August 1, 2025, as well as Ms. Shaw's August 1, 2025 request to "access, review, and update" information related to Aiden. This letter further addresses the District's complaint process, as requested in Ms. Shaw's August 1, 2025 email.

Specifically, in Ms. Shaw's July 31, 2025 email, it was indicated that "All communication and decisions related to Aiden Porter must include me. Rafael Porter does not have the authority to act unilaterally." The email further provided, "Aiden Porter is not permitted to leave the campus with: Amber (school parent), Brandon (school parent), Kayleigh Johnson, or any other parent or volunteer without my written consent."

In response, the District advised that questions about communication or decision making can be requested and/or clarified with family court, and requested a copy of the most recent custody order.

In the email dated August 1, 2025, Ms. Shaw stated "you continue to shift the blame or communication as it relates to these issues to family court..." A copy of the Findings and Order After Hearing ("Findings"), dated July 7, 2023, was provided.

Pursuant to the Findings, you both share joint physical and legal custody, and "...parents shall consult and cooperate with each other in making decisions and sharing information related to the health, education, and welfare of the minors."

# EXHIBIT E

Gmail **Adonica Shaw <ashawporter@gmail.com>**

---

# Formal FERPA Complaint Notification – Improper Disclosure of Confidential Communication & Administrative Complicity

2 messages

---

**Adonica Shaw** <ashawporter@gmail.com> Tue, Aug 5, 2025 at 12:01 PM
To: "Melanie Jones (EC)" <mjones@srvusd.net>, "Karen Dowd (EC)" <kdowd@srvusd.net>, Kathleen Martins <kmartins@srvusd.net>, "C.J. Cammack (EC)" <ccammack@srvusd.net>, Annabel Hurlburt <ahurlburt@srvusd.net>, "Karin Sweigart (Dhillon Law)" <KSweigart@dhillonlaw.com>, Katie Witt <kwitt@srvusd.net>

Good afternoon,

I am writing to formally notify the district of a serious violation of the Family Educational Rights and Privacy Act (FERPA) and to confirm that I have filed a complaint regarding this matter.

On August 4, 2025, during my scheduled interview with District Human Resources, I received an email from Annabel Hurlburt in which she copied my ex-husband and disclosed information related to a private complaint I submitted to the district. This was done without my prior written consent, in violation of FERPA's protections against the unauthorized disclosure of personally identifiable information. The information shared pertained directly to my private communication and was used in a way that sought to undermine and invalidate my position—effectively stripping me of my rights as a parent to report concerns confidentially.

Furthermore, I must also raise concern about the role of Kathleen Martins and the Superintendent, both of whom I believe were aware of and complicit in this disclosure. Given their positions of leadership and oversight within the district, their participation in—or failure to prevent—this violation should be scrutinized and held accountable as part of the formal investigation. Their actions (or inaction) not only supported this breach, but also contributed to an environment where a parent's rights could be disregarded without consequence.

FERPA prohibits the disclosure of information from education records—including parental complaints—to third parties, such as other parents, without the disclosing parent's written consent. No such consent was given in this case, and the decision to involve my ex-husband in this matter served no legitimate educational interest.

Therefore, I have filed a FERPA complaint, and I am requesting the following:

1. A formal investigation into this FERPA violation, including the roles of Annabel Hurlburt, Kathleen Martins, and the Superintendent.

2. A written explanation for how and why this disclosure occurred and who authorized or approved it.

3. A formal acknowledgment from the district regarding the breach.

4. A written assurance that future communications will comply fully with FERPA and that my rights as a parent will be protected moving forward.

5. A review and revision of the district's internal policies related to the handling of parent communications and privacy protections.

S
A [illegible] Shaw

---

**Adonica Shaw** <ashawporter@gmail.com> Thu, Aug 7, 2025 at 2:37 PM
To: "Melanie Jones (EC)" <mjones@srvusd.net>, "Karen Dowd (EC)" <kdowd@srvusd.net>, Kathleen Martins <kmartins@srvusd.net>, "C.J. Cammack (EC)" <ccammack@srvusd.net>, Annabel Hurlburt <ahurlburt@srvusd.net>, "Karin Sweigart (Dhillon Law)" <KSweigart@dhillonlaw.com>, Katie Witt <kwitt@srvusd.net>

Good afternoon,

I received a communication from my lawyer this afternoon about whether or not I'm lodging another Level 1 complaint about this.

I'm not. There doesn't appear to be a genuine effort on behalf of anyone involved to take leadership and look into this matter.

Instead, I went ahead and filed a FERPA complaint directly with the government with the US Department of Education here.

Annabel's communication on August 4th was disclosed to Rafael Porter without my written consent, and it is a violation because the content breaks down and provides replies to my communication line by line. Rafael Porter was not privy to the initial email, nor did he have any right to the response to its contents. By breaking it down and using quotes for my words, she disclosed the private complaint and violated FERPA.

Further, if the intent was solely to inform parents about your complaint process and procedure, it would have either needed to be blasted out to the entire class, grade or school, or the communication that was addressed to both me and my ex-husband would have needed to have all parts of my initial communication redacted. And it doesn't. Therefore, I was singled out.

The governmental FERPA complaint was filed against Annabel Hurlburt in direct response to her decision to cite my initial protected communication with my ex-husband in her response.

For the 876349796146134 time. I have a history of domestic violence with my ex-husband. The sexual assaults and related behaviors are publicly known. I have provided these facts and the case details to the district.

Annabel's continued effort to try and retaliate against, blame shift, humiliate, intimidate, and continue to cause me emotional distress has been noted. Every part of this process has lacked genuine respect for me and my family. And I believe she should step down from her role.

There appears to be a sensitivity chip missing, and no one has stepped in to apologize or de-escalate the situation.

My kids are not registered for this year. Can someone please take the reins and bring some leadership to this situation?

It has gone from bad to worse because of how it's being handled.

Adonica

[Quoted text hidden]

# EXHIBIT B

# EXHIBIT B

The court file in the State Court Action includes the following documents:

| # | File | Date | Filed By: |
|---|---|---|---|
| B.1 | Civil Case Cover Sheet | 07/30/2026 | Plaintiff |
| B.2 | Order on Fee Waiver Granted | 07/30/2026 | Court |
| B.3 | Notice of Assignment to Dept. 16 for Case Management Determination | 7/30/2026 | Court |
| B:4 | Summons Issued | 08/07/2026 | Plaintiff |
| B:5 | Correspondence Memo Rejecting Proof of Service | 8/20/2026 | Court |

# EXHIBIT B.1

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Adonica Shaw | | FILED JUL 30 2026 S. LINDCLERK OF THE COURT SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA By ____ Deputy Clerk M. Acosta |
| FIRM NAME: | | |
| STREET ADDRESS: 3236 Clayton Road | | |
| CITY: Concord | STATE: CA ZIP CODE: 94519 | |
| TELEPHONE NO.: | FAX NO.: | |
| EMAIL ADDRESS: | | |
| ATTORNEY FOR (*name*): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA<br>STREET ADDRESS: 725 COURT STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: MARTINEZ 94553<br>BRANCH NAME: | | |
| CASE NAME:<br>SHAW VS SRVUSD ET AL. | | |
| **CIVIL CASE COVER SHEET**<br>☑ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: C26-02518<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/Unfair business practice (07)
- ☑ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Song-Beverly Act: Motor Vehicle Lemon Law (49)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (*not specified above*) (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☑ Yes ☐ No
   If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*:
   a. ☑ monetary
   b. ☑ nonmonetary; declaratory or injunctive relief
   c. ☑ punitive
4. Number of causes of action *(specify)*: 11
5. Is this case a class action suit? ☐ Yes ☑ No
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/29/30

Adonica Shaw

Type or print name

Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

CM-010

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition



Print Save Clear

# EXHIBIT B.2

# FW-003 Order on Court Fee Waiver (Superior Court)

Clerk stamps date here when form is filed.

FILED
JUL 30 2026
S. LINDCLERK OF THE COURT SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA
By M. Acosta Deputy Clerk

Fill in court name and street address:

**Superior Court of California, County of**
Contra Costa
725 court street
Martinez CA 94553

Fill in case number and name:

**Case Number:** C26-02518

**Case Name:** Shaw vs SKVUSD et. al

1. **Person who asked the court to waive court fees:**
   Name: Adonica Shaw
   Street or mailing address: 3236 Clayton Rd
   City: Concord State: CA Zip: 94519

2. **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

3. A request to waive court fees was filed on *(date):* 7/30/26
   ☐ The court made a previous fee waiver order in this case on *(date):*

***Read this form carefully. All checked boxes ☑ are court orders.***

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

4. After reviewing your: ☑ *Request to Waive Court Fees* ☐ *Request to Waive Additional Court Fees*
   **the court makes the following orders:**

   a. ☑ The court **grants** your request, as follows:

   (1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
   - Filing papers in superior court
   - Making copies and certifying copies
   - Sheriff's fee to give notice
   - Court fee for phone hearing
   - Giving notice and certificates
   - Sending papers to another court department
   - Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
   - Assessment for court investigations under Probate Code section 1513, 1826, or 1851
   - Preparing, certifying, copying, and sending the clerk's transcript on appeal
   - Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
   - Making a transcript or copy of an official electronic recording under rule 8.835

   (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
   - ☐ Jury fees and expenses
   - ☐ Fees for court-appointed experts
   - ☐ Other *(specify):*
   - ☐ Fees for a peace officer to testify in court
   - ☐ Court-appointed interpreter fees for a witness

Your name: Adonica Shaw

Case Number:

b. ☐ The court **denies** your fee waiver request because:

**Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:

☐ Below ☐ On Attachment 4b(1)

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below ☐ On Attachment 4b(2)

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:

☐ Below ☐ On Attachment 4c(1)

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:

☐ Below ☐ On Attachment 4c(2)

**This is a Court Order.**

Your name: Adonica Shaw

**Case Number:**

**Hearing Date**

Date: ______ Time: ______

Dept.: ______ Room: ______

Name and address of court if different from above:

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: JUL 3 0 2026

M. Acosta

*Signature of (check one):* ☐ *Judicial Officer* ☒ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☒ I handed a copy of this Order to the party and attorney, if any, listed in (1) and (2), at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in (1) and (2), from *(city)*: ______, California, on the date below.

☐ A certificate of mailing is attached.

Date: JUL 3 0 2026

Clerk, by ______, Deputy

Name: M. Acosta

**This is a Court Order.**

# EXHIBIT B.3

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

S. Lind
Court Executive Officer

| CASE NAME: ADONICA SHAW VS. SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT | CASE NUMBER: C26-02518 |
|---|---|

**NOTICE OF ASSIGNMENT TO DEPARTMENT 16 FOR CASE MANAGEMENT DETERMINATION**

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 16, Judge BENJAMIN T REYES, II PRESIDING, FOR ALL PURPOSES; DEPARTMENT 16 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 16 ON 12/04/2026 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 16 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

S. Lind
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH ABOVE AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT ABOVE, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

DATE: 7/30/2026

/s/M. Acosta

BY: M. ACOSTA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C26-02518 ON 7/30/2026:

Adonica Shaw

3236 Clayton Rd
CONCORD CA 94519

# EXHIBIT B.4

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
AUG - 7 2026
S. [illegible] CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By ________ Deputy Clerk
S. Gonzalez

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT, a public entity;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Adonica Shaw, on behalf of herself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* 725 COURT STREET
MARTINEZ CA 94553

CASE NUMBER:
*(Número del Caso):*
C26-02518

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: *(Fecha)* AUG - 7 2026 Clerk, by *(Secretario)* S. Gonzalez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF CONTRA COSTA

**NOTICE TO THE PERSON SERVED:** You are served

1. [x] as an individual defendant.
2. [x] as the person sued under the fictitious name of *(specify)*: DOES 1-20 INCLUSIVE
3. [x] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[x] other *(specify)*: PUBLIC ENTITY

4. [ ] by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

SUM-200(A)

| SHORT TITLE: ADONICA SHAW VS SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT | CASE NUMBER: C26-02518 |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

KATHLEEN MARTINS, an individual; KATIE WITT, an individual; ELIZABETH LEMMON, an individual; ANNABEL HURLBURT, an individual; RAFAEL PORTER, an individual; and DOES 1 through 20, inclusive,

Page 2 of 2





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**

# EXHIBIT B.5

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org

S. Lind
Court Executive Officer

ADONICA SHAW
3236 CLAYTON RD
CONCORD CA 94519

| **CASE NAME:**<br>ADONICA SHAW VS. SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT | **CASE NUMBER:**<br>C26-02518 |
|---|---|

**TO THE ABOVE NAMED PARTY:**

WE CANNOT FILE/ISSUE YOUR PROOF OF SERVICE OF SUMMONS FOR THE FOLLOWING REASON: THE NAME OF THE PARTY LISTED UNDER ITEM 3.A MUST MATCH THE NAME EXACTLY AS IT IS LISTED (INCLUDING DESCRIPTORS) ON THE SUMMONS/COMPLAINT.

THANK YOU.

SUBMIT AN ORIGINAL, TWO COPIES OF THE DOCUMENTS AND ENCLOSE A SELF-ADDRESSED, STAMPED ENVELOPE FOR THE RETURN OF ENDORSED COPIES.

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH BELOW AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT ABOVE, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

Date: 8/20/2026

By: /s/K. Whitworth

K. WHITWORTH DEPUTY CLERK